**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JOHN EDWARD STROLE,

    Plaintiff,

v.                                                                    CASE NO:  8:05-cv-278-T-30TGW

JIM COATS,
KIRK P. BRUNNER,
CAPTAIN JEFFERS,

    Defendants.

_____/

## ORDER

Petitioner, an inmate in the Pinellas County Jail (hereinafter "PCJ") proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. §1983 (Dkt. 1) and a Motion to Proceed *In Forma Pauperis* (Dkt. 2).  Because Plaintiff is seeking redress from employees of a governmental entity, the Court has undertaken the mandatory screening of his complaint pursuant to 28 U.S.C. § 1915A.  In pertinent part, § 1915A provides as follows:

    (a)    Screening. -- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b)    Grounds for dismissal. -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

        (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and those who pay the requisite filing fee. The procedure required by § 1915A is, by its terms, a screening process to be applied *sua sponte*. See id.

The Court finds, for reasons set forth *infra*, that even though allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519 (1972) (per curiam), the complaint should be dismissed prior to service of process pursuant to 42 U.S.C. § 1997e(a) and 28 U.S.C. § 1915A(b)(1) for failure to exhaust administrative remedies.

**Background**

Plaintiff was incarcerated at the PCJ in December 2004. On December 13, 2004, Plaintiff was issued two disciplinary reports - one for disobeying a verbal order and a second, more serious charge, for threatening another with bodily harm or any offense against his or her person or property. Consequently, Plaintiff was placed on red-dot status pending the outcome of a hearing on these two reports.[1]

On December 16, 2004, Plaintiff was found guilty of disobeying a verbal order. However, on December 19, 2004 he was found not guilty of the charge of threatening another. Despite this finding, Plaintiff was not removed from red-dot status.

On January 29, 2005, Plaintiff filed a grievance with the Pinellas County Sheriff's Office, requesting to be removed from red-dot status, compensation for the unwarranted

---

[1]According to Plaintiff, red-dot status includes prisoner restrictions such as confinement in a solitary cell, the wearing of shackles and handcuffs for all out of cell activity, and prohibition from activities including attendance at self-help programs and religious services.

time in such status, and alteration of jail policies to "conform with constitutional guarantees." On February 3, 2005, prison officials removed Plaintiff from red-dot status, but failed to respond to the other remedies sought in Plaintiff's grievance.

## Discussion

When a Plaintiff alleges conduct that violates § 1983, the court's initial inquiry must focus on the language of 42 U.S.C. §1997e, which sets forth certain threshold requirements that must be satisfied before a prisoner can bring a § 1983 claim. In particular, Plaintiff is required to have exhausted administrative remedies available to him prior to bringing suit. 42 U.S.C. §1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

Section 1997e(a) requires the exhaustion of administrative remedies before a case may be brought, rather than before it may be decided. 42 U.S.C. 1997e(a). "Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to suit." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 534-35 (7th Cir. 1999). In discussing 42 U.S.C. § 1997e, the Eleventh Circuit stated the following:

> We have recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting Freeman v. Francis, 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. See id. (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before filing suit in federal court),

> modified on other grounds, 216 F.3d 970 (11th Cir. 2000) (en banc); Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison . . . must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983"); Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); Alexander v. Hawk, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's Bivens action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1279 (2001) (per curiam).

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). Where an appeal process exists, an inmate must go beyond the initial presentation of his complaints to meet the requirements of § 1997e(a), and "until such administrative remedies as are available are exhausted," he/she is precluded from filing suit in federal court. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1993 (11th Cir. 1999); Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999); Alexander, 159 F.3d at 1324. "[T]he exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative procedures would be futile." Higginbottom, 223 F.3d at 1261. This is true even where the State's administrative process could not award the type of relief being sought. See Booth v. Churner, 532 U.S. 731, 736 (2001).

The Court takes judicial notice of documents within its files which confirm that there is a grievance procedure available to inmates at the PCJ. See Citelli v. Rice, Case No.

8:03-CV-2409-T-30EAJ, Dkt. 1, Attach., Pinellas County Jail Request for Administrative Remedy, Oct. 10, 2003.  (M.D. Fla. 2004).  The Pinellas County Jail Inmate Handbook details the inmate grievance procedure.  Section C(7) thereof states that if an inmate is "dissatisfied with the response given to a complaint the inmate may file an *appeal* to the Bureau Commander using a Request for Administrative Remedy Form within three business days of receipt of the response" (emphasis added).  Id., Dkt. 13, Attach., PCJ Inmate Handbook at 27.

With his complaint, Plaintiff filed copies of a single grievance related to his red-dot status.  He has not demonstrated, however, that he filed a subsequent grievance expressing dissatisfaction with the prison official's response to his initial grievance (removing him from red-dot status, but not awarding monetary compensation or policy changes), nor that he appealed the response he received to his initial grievance.  Thus, the documents he filed do not establish that he has exhausted all of the administrative remedies available to him at the PCJ, as required by 42 U.S.C. § 1997e(a).

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers.  See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys").  A Plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to him, support the conclusion that he may be able to establish that he is entitled to the relief he seeks.  "[E]ven in the case of *pro se* litigants . . . leniency does not give a court license to serve as *de facto* counsel for a party, . . or to rewrite an otherwise deficient pleading in order to sustain an action."  GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir.

1998).  See also Pontier v. City of Clearwater, Fla., 881 F.Supp. 1565, 1568 (M.D.Fla. 1995).  The burden to establish administrative exhaustion is on the Plaintiff, and in the present case, he has not carried that burden.

## Conclusion

For reasons set forth above, the Court finds that the complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(a).  Plaintiff has not shown any immediate risk of substantial or irreparable harm, and based on information provided by Plaintiff in his complaint, a delay will not unduly burden or prejudice his rights.  The legal deficiency in the complaint simply cannot be cured by amendment or discovery.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's complaint is **DISMISSED** without prejudice for failure to state a claim for which relief can be granted (Dkt. 1).

2. The **Clerk** shall enter judgment accordingly, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 11, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
*Pro se* Plaintiff

SA:jsh/dw